EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* VÍCTOR BLASE VÁZQUEZ, demandado y peticionario.

*Número:* CC-96-398 *Resuelto:* 23 de junio de 1999

*Francisco A. Borelli Irizarry* y *Ángel Vital Vázquez*, abogados del peticionario; *Edda Serrano Blasini, Subprocuradora General*, y *Ángel Rivera Rivera, Procurador General Auxiliar*, abogados de El Pueblo.

EL JUEZ PRESIDENTE SEÑOR ANDRÉU GARCÍA emitió la opinión del Tribunal.

██ Este recurso permite que nos expresemos en cuanto a la norma adoptada en *Pueblo v. Maldonado, Rosa*, 135 D.P.R. 563 (1994). Particularmente, respecto a la facultad que les reconociéramos a los tribunales para resolver las mociones de supresión de evidencia a base de los escritos presentados, sin necesidad de celebrar vista evidenciaria, en aquellos casos en que de tales escritos no surge que existe una controversia sustancial de hechos que haga necesaria la celebración de la vista. Hoy resolvemos que la mencionada norma no aplicará a casos en los que la solicitud de supresión de evidencia se basa en la ausencia de una orden judicial previa para realizar el registro o allanamiento, que produce la incautación de la evidencia cuya supresión se solicita, y en ésta se incluyen hechos o fundamentos que hacen el registro ilegal. Veamos los hechos que originan la presente controversia, según surgen de la declaración jurada del guardia municipal Héctor Martínez Bracetty.

I

El 31 de marzo de 1996, a eso de las once de la noche, Martínez Bracetty se encontraba patrullando en su vehículo oficial cuando recibió una llamada radiotelefónica del retén del cuartel al que estaba adscrito.[1] Éste le indicó que había recibido una confidencia anónima informándole que unos jóvenes estaban usando sustancias controladas en un área recreativa del edificio Laguna Gardens I en Isla Verde. De acuerdo con la información ofrecida, uno de los jóvenes era de baja estatura y vestía pantalones cortos, un *jacket* oscuro y una gorra blanca.

---

[1] No se consigna en la declaración jurada el nombre del oficial que transmitió la información.

Martínez Bracetty fue al lugar para investigar. Allí pudo observar que en el parque recreativo del edificio, el cual supuestamente estaba iluminado, había tres (3) jóvenes, de los cuales uno —el aquí peticionario, Sr. Víctor Blase Vázquez— tenía un aspecto que coincidía con la descripción ofrecida en la confidencia. Declaró Martínez Bracetty que comenzó a hablar con el peticionario y notó que estaba nervioso. Según sostuvo, mientras conversaban, el peticionario hizo un movimiento con la intención de voltearse y en ese momento, por el frente del pantalón, se le cayó al suelo un revólver. Martínez Bracetty ocupó el arma y arrestó al peticionario. Le preguntó si tenía licencia para portar el arma y él respondió que no.

Luego de la correspondiente vista preliminar,[2] el peticionario fue acusado de infringir los Arts. 6 y 8 de la Ley de Armas de Puerto Rico, Ley Núm. 17 de 19 de enero de 1951 (25 L.P.R.A. secs. 416 y 418).

El peticionario presentó oportunamente una moción de supresión de evidencia al amparo de la Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Planteó que el arma ocupada era inadmisible como evidencia de los delitos imputados porque fue obtenida como consecuencia de un registro ilegal. Argumentó que la declaración jurada del guardia Martínez Bracetty es insuficiente de acuerdo con la doctrina de testimonio estereotipado. Apoyó su teoría en el testimonio que Martínez Bracetty ofreció durante la vista preliminar. Según expuso el peticionario:

En el contrainterrogatorio [en vista preliminar], el guardia declaró que la confidencia recibida fu[e] de que habí[a] unos jóvenes vendiendo o utilizando sustancias controladas. Que no arrestó a nadie por sustancias controladas. Que no ocupó sustancias controladas .... Que le tiraron [e]sa información por radio. Que él se fu[e] a investigar s[ó]lo. Que no anotó en ningún papel la información recibida. Que con relación a [e]ste

---

[2] La vista preliminar se celebró el 21 de mayo de 1996.

caso preparó un informe de delito. Que [e]se informe de delito fu[e] el primer escrito que hizo. Que en [e]se informe se pone lo que sucedió. Cuando preparó ese informe los hechos estaban bien frescos en su memoria. Se le confrontó con el informe y acepta que en el mismo no puso que había recibido una confidencia por radio, no puso descripción de ningún individuo ni tampoco puso que el revólver se había ca[í]do al piso.(³) (Énfasis suprimido.) Petción de *certiorari*, Anejo II, pág. 4.

A base de este testimonio, el peticionario plantea que la información consignada en la declaración jurada es falsa y fue ofrecida con el propósito de justificar el arresto del peticionario sin una orden judicial previa. Consecuentemente, le solicitó al tribunal que ordenara la celebración de una vista antes del juicio para resolver la moción de supresión.

El 8 de agosto de 1996, día señalado para el juicio, presentes las partes, el tribunal de instancia determinó que las alegaciones contenidas en la moción de supresión eran suficientes, por lo que le concedió al Ministerio Público diez (10) días para replicar, y pospuso la celebración del juicio para el 28 de agosto siguiente.

En su escrito, el Ministerio Público se limitó a responder, en la parte pertinente, lo siguiente:

> 2. Que los argumentos de la defensa son vanos [sic] e imprecisos, ya que la Regla 11 de Procedimiento Crimina[l] y los casos que la sustentan dejan claro cu[á]ndo se puede hacer un arresto sin orden previa. ...
> 3. Que los hechos que dan lugar al presente caso, fueron [narrados] por el testigo, mediante testimonio ante el Honorable Tribunal de Vista Preliminar y Declaración Jurada, y ello[s] denotan claramente, que el agente del orden público, estaba legalmente en el lugar de los hechos y observó la comisión de un delito a plena vista, independientemente si el delito fuera grave o menos grave, o sea aquí no hubo tal registro para arresto. Se cometi[ó] el delito y luego se arresta, por lo que el

---

(³) Anejo II, pág. 3; Moción de Supresión de Evidencia al Amparo del Artículo II Sección 10 de la Constitución de Puerto Rico, la 4ta y la 14ta Enmienda de la Constitución de Estados Unidos y la Regla 6.9 de Menores, pág. 2.

arresto también fue razonable. Cumpliendo con el Artículo ... [II] Sección 10 de la Constitución de Puerto Rico.

4. Que lo que plantea la defensa es para dilucidarse en un juicio en su fondo ya que se trata de cuantun [sic] de la prueba y no de la ilegalidad de un registro y/o allanamiento y si acaso, credibilidad. Alegato del peticionario, Anejo 8, pág. 60.

El 28 de agosto de 1996, las partes comparecieron nuevamente ante el tribunal para la celebración de juicio. En esa ocasión, el tribunal *denegó sumariamente la moción de supresión de evidencia* y dictó la siguiente resolución en corte abierta:

> Analizadas las alegaciones por escrito, independientemente del derecho que le asiste a todo acusado en el curso de un juicio en su fondo, y a ... reproducir o levantar alegaciones de supresión de evidencia si fuera el caso[, e]l tribunal *dispone que no se celebrará vista por separado.* (Énfasis en el original suprimido y énfasis suplido.) Alegato del peticionario, Anejo 5, pág. 12.

De esta resolución recurrió el peticionario ante el Tribunal de Circuito de Apelaciones, argumentando que el tribunal de instancia había incidido al negarse a ordenar la celebración de una vista para adjudicar la moción. Ese foro confirmó la resolución recurrida al determinar que el peticionario no lo puso en condiciones de resolver. Inconforme, el peticionario recurre ante esta Curia.(4)

En su alegato, el peticionario se ampara en la norma establecida en *Pueblo v. Vázquez Méndez,* 117 D.P.R. 170, 177 (1986), respecto a la obligación del Ministerio Público de rebatir la presunción de invalidez de toda incautación realizada sin una orden judicial, para reclamar que tiene derecho a una vista evidenciaria antes del juicio. Su argu-

---

(4) El peticionario señala ante nosotros el siguiente error:

"Err[ó] el honorable Tribunal de Circuito de Apelaciones al no expedir un recurso de certiorari presentado por el acusad[o p]eticionario, y al considerar como sustancialmente correcta la Resolución del tribunal de instancia declarando no ha lugar de plano una moci[ó]n de supresi[ó]n de evidencia y neg[á]ndole a la defensa la celebraci[ó]n de una vista antes del juicio para considerar los planteamientos de la misma, aun cuando el propio tribunal de instancia reconoci[ó] que las alegaciones contenidas en dicha moci[ó]n eran suficientes para considerarla." Petición de *certiorari,* pág. 6.

mento principal es que, una vez establecido el hecho básico de que la prueba objetada fue ocupada sin una orden previa de arresto o de registro, el tribunal tiene la obligación de celebrar una vista para resolver la moción de supresión. Veamos.

## II

La Sec. 10, del Art. II, de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, ed. 1999, pág. 311, establece, en lo pertinente, lo siguiente:

> No se violará el derecho del pueblo a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables.
>
> . . . . . . . .
>
> Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse.
> Evidencia obtenida en violación de esta sección será inadmisible en los tribunales.

"En términos prácticos ... [esta] disposición constitucional pretende impedir que el Estado interfiera con la intimidad y libertad de las personas excepto en aquellas circunstancias en las que el propio ordenamiento lo permite." *Pueblo v. Yip Berríos*, 142 D.P.R. 386, 397 (1997).

La Regla 234 de Procedimiento Criminal, *supra*, es el medio práctico procesal mediante el cual un ciudadano puede reclamar los derechos que consagra la mencionada disposición constitucional. Esta regla dispone, respecto a lo que aquí nos concierne, lo siguiente:

> La persona agraviada por un allanamiento o registro ilegal podrá solicitar del tribunal ... la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devo-

lución de la propiedad, por cualquiera de los siguientes funda-
mentos:

(a) Que la propiedad fue ilegalmente ocupada sin orden de
allanamiento o registro.

. . . . . . . .

(f) Que es insuficiente cualquier declaración jurada que sir-
vió de base a la expedición de la orden de allanamiento porque
lo afirmado bajo juramento en la declaración es falso, total o
parcialmente.

En la moción de supresión de evidencia se deberán exponer
los hechos precisos o las razones específicas que sostengan el
fundamento o fundamentos en que se basa la misma. El tribu-
nal oirá prueba sobre cualquier cuestión de hecho necesaria
para la resolución de la solicitud. 34 L.P.R.A. Ap. II, R. 234.

En casos en que se determine que la evidencia incau-
tada fue obtenida en violación al mandato constitucional y
a lo dispuesto por esta regla, el tribunal deberá suprimir la
evidencia obtenida. En consecuencia, ésta no será admisi-
ble en los tribunales como prueba sustantiva de la comi-
sión de un delito.

 Esta disposición, conocida como *norma de ex-
clusión,* persigue: (1) proveer un remedio efectivo a la víc-
tima del registro y allanamiento irrazonables o ilegales; (2)
evitar que el Gobierno se beneficie de sus propios actos
ilegales; (3) preservar la integridad del tribunal, y (4) di-
suadir a los oficiales del orden público a que en el futuro no
repitan las acciones objeto de la impugnación.[5] Mediante
esta regla un ciudadano puede solicitar, antes del juicio, la
supresión de evidencia material (objetiva) y testifical. El
propósito de la vista previa al juicio, en consecuencia, *es
tanto para fomentar la economía procesal como de recursos
que se traducen en gastos.* En esencia, sería contrario a
esas economías el tener que esperar al día del juicio para
hacer una pausa en éste, con el propósito de dilucidar una
cuestión colateral sobre admisibilidad, cuyo ofrecimiento

---

[5] Véase E.L. Chiesa, *Derecho procesal penal de Puerto Rico y Estados Unidos,*
Colombia, Ed. Forum, 1991, Vol. I, Sec. 6.2, págs. 284–285.

en el juicio era anticipable. *Pueblo v. Rey Marrero*, 109
D.P.R. 739, 750–751 (1980). En caso de prosperar la moción
en esa etapa del proceso, ya ha tenido el efecto de sobre-
cargar el calendario del tribunal innecesariamente, a la
vez que se incurre en considerable inversión de recursos en
citaciones de testigos y jurados, y frecuentemente en las
dietas a las cuales tienen éstos derecho, entre otros gastos.
Sin embargo, aunque reiteradamente hemos sostenido que
esta moción debe ser considerada antes de juicio, "en
Puerto Rico la moción de supresión de prueba puede pre-
sentarse en el acto del juicio, aun cuando se haya presen-
tado y denegado previamente, si de la prueba de cargo —el
examen directo y la repregunta— surge la ilegalidad del
registro". *Pueblo v. Hernández Flores*, 113 D.P.R. 511, 514
(1982). De lo contrario, se produciría un resultado injusto
ya que una regla de procedimiento prevalecería sobre un
derecho constitucional del acusado.

■ En *Pueblo v. Maldonado, Rosa*, supra, pág. 569,
interpretamos liberalmente([6]) la Regla 234 de Procedi-
miento Criminal, *supra*. Allí resolvimos, a la luz de la Ley
Núm. 65 de 5 de julio de 1988 (34 L.P.R.A. Ap. II, R. 234),([7])
*que salvo que la parte promovente demuestre que existe una
controversia sustancial de hechos que la haga necesaria, no
es obligatoria la celebración de una vista evidenciaria antes
del juicio para adjudicar una moción de supresión.* Resol-
vimos, también, que para sostener la moción de supresión
el promovente debe exponer "los hechos precisos o las ra-
zones específicas que sostengan el fundamento o funda-
mentos en que se basa la [moción]". 34 L.P.R.A. Ap. II, R.

---

([6]) Véase E.L. Chiesa, *Derecho Procesal Penal*, 64 Rev. Jur. U.P.R. 899, 909
(1995).

([7]) Esta ley enmendó el párrafo final de la Regla 234 de Procedimiento Criminal,
34 L.P.R.A. Ap. II, y dispuso, en lo pertinente, que:

"En la moción de supresión de evidencia se deberán exponer los hechos precisos
o las razones específicas que sostengan el fundamento o fundamentos en que se basa
[la moción de supresión]. El tribunal oirá prueba sobre cualquier cuestión de hecho
necesaria para la resolución de la solicitud."

234. En ausencia de esa demostración, el tribunal puede adjudicar la moción, a base de los escritos presentados por las partes, sin celebrar vista evidenciaria. La adopción de esa norma se basó en el siguiente razonamiento:

> En primer lugar, la misma resulta en una justificada economía procesal y en una sana y mejor administración de la justicia, por razón de tener el efecto de que el tribunal podrá disponer, con mayor rapidez, de mociones de supresión que son frívolas e infundadas. En segundo término, dicha norma no sólo ilustra de forma óptima al tribunal sobre la controversia que éste tiene que dilucidar sino que pone en condiciones al Ministerio Público de poder refutar, correcta y sucintamente, las alegaciones de la defensa; lo cual, naturalmente, resultará en una mejor y justa determinación judicial. [Además], dicha norma es congruente con la norma jurisprudencial a los efectos de que el promovente de una moción de supresión, en situaciones en que el allanamiento en controversia fue realizado en virtud de orden judicial previa, tiene la obligación de demostrar que el registro, y la incautación de la evidencia, fue irrazonable, y, por consiguiente, ilegal. Por último, al así resolver, estamos siguiendo la obvia intención del legislador al enmendar en 1988 la antes citada Regla 234 de Procedimiento Criminal. (Énfasis, cita y escolio omitidos.) *Pueblo v. Maldonado Rosa*, supra, págs. 569–570.

De este modo modificamos nuestra jurisprudencia anterior que sugería la obligatoriedad de celebrar una vista evidenciaria antes del juicio para resolver una moción de supresión. Véanse, *e.g.*: *Pueblo v. Rivera Rodríguez*, 123 D.P.R. 467, 479 (1989); *Pueblo v. Bonilla Romero*, 120 D.P.R. 92, 110 (1987); *Pueblo v. Rivera Rivera*, 117 D.P.R. 283, 289 (1986).

Existe, sin embargo, una diferencia importante entre los hechos que dieron base a la controversia planteada en *Pueblo v. Maldonado Rosa*, supra, y los hechos del caso ante nuestra consideración. La prueba objetada en *Pueblo v. Maldonado Rosa*, supra, fue obtenida como consecuencia de un allanamiento para el cual *se había expedido la correspondiente orden judicial*. En el presente caso, la

prueba cuya supresión se solicita fue obtenida sin previa orden de arresto o registro.

Por ello, ante la controversia presentada en el caso de epígrafe, debemos examinar la siguiente interrogante: ¿Puede el Tribunal de Primera Instancia resolver una moción de supresión de evidencia a base de los escritos presentados, sin celebrar vista, *en casos en que no se ha expedido una orden judicial previa* para realizar el registro o allanamiento que produce la incautación de la evidencia? Resolvemos que no.

## III

En ocasión de haber interpretado el precepto constitucional que protege a las personas contra registros y allanamientos irrazonables por parte del Estado, hemos derivado la norma de que toda incautación o registro que se realice sin orden judicial previa se presume irrazonable y, por lo tanto, inválida. *E.L.A. v. Coca Cola Bott. Co.*, 115 D.P.R. 197, 207 (1984). La presunción de invalidez beneficia al acusado y obliga al Ministerio Público a presentar evidencia para demostrar la legalidad y razonabilidad de la actuación del Estado.[8] En estos casos, el Ministerio Público debe rebatir la presunción de invalidez demostrando la existencia de alguna de las circunstancias excepcionales que justifican actuar sin una orden judicial previa.[9] Véase

---

[8] Esto es contrario a los casos que existe una orden previa que produce una presunción de validez de la actuación gubernamental. Esta presunción de validez obliga a la parte promovente de la moción de supresión a presentar evidencia para rebatir la legalidad o razonabilidad de la actuación gubernamental. Véanse: *Pueblo v. Vázquez Méndez*, supra, pág. 177; Regla 15(A) de Evidencia, 32 L.P.R.A. Ap. IV.

[9] Algunas de esas circunstancias excepcionales son, por ejemplo, los casos en que se trata de un registro de la persona y del área circundante, siempre que sea incidental a un arresto legal (véase: *Pueblo v. Malavé*, 120 D.P.R. 470 (1988); *Pueblo v. González Rivera*, 100 D.P.R. 651 (1972); *Pueblo v. Sosa Díaz*, 90 D.P.R. 622 (1964)); cuando existe consentimiento para el registro o se ha renunciado al derecho constitucional contra registros y allanamientos irrazonables (véase *Pueblo v. González*, *supra*); cuando el registro ocurre en una situación de emergencia (véase *Pueblo v. Rivera Collazo*, 122 D.P.R. 408 (1988)); cuando se trata de evidencia que se encuentra a plena vista, (véase *Pueblo v. Dolce*, 105 D.P.R. 422 (1976)); cuando la evidencia

*Pueblo v. Vázquez Méndez,* supra, pág. 177 (aplicando las Reglas 13, 14 y 15(B) de Evidencia, 32 L.P.R.A. Ap. IV).

Sin embargo, aun cuando exista alguna de las circunstancias excepcionales, ello no tiene efecto alguno sobre el *surgimiento* de la presunción de invalidez. Es decir, *la presunción se activa con la mera inexistencia de una orden judicial previa.* Así, pues, una vez se demuestra la inexistencia de la orden, la irrazonabilidad de la actuación gubernamental se infiere *automáticamente.* Luego de que se demuestre que la acción del funcionario público fue al amparo de alguna de las circunstancias especiales, que constituyen una excepción a la exigencia de orden previa, es que se afectará propiamente la *existencia* de esa presunción. Resulta impertinente, pues, la existencia de circunstancias excepcionales que justificaran la intervención del agente sin orden judicial, para los efectos de establecer una presunción de invalidez sobre la ocupación del arma que alegadamente se le cayó al peticionario. Precisamente, para poder rebatir la presunción automática de invalidez, es que el Ministerio Público tiene que presentar prueba de la concurrencia de alguna excepción. Lo determinante en el presente caso es, entonces, el hecho incontrovertido de que no expidió orden judicial para el arresto o registro del peticionario. *La ocupación del arma, por lo tanto, se presume inválida.*

 En ausencia de orden previa para la incautación del arma, le corresponde al Estado probar que existió alguna de las excepciones a la norma de exclusión. *Recae, pues, sobre el Estado el peso de la prueba para demostrar que los hechos particulares del caso justificaban la inter-*

---

es descubierta por medio del olfato del agente, (véase *Pueblo v. Acevedo Escobar,* 112 D.P.R. 770 (1982)), o cuando la evidencia ha sido incautada luego de haber sido arrojada o abandonada (véanse: *Pueblo v. Ortiz Zayas,* 122 D.P.R. 567 (1988); *Pueblo v. Ortiz Martínez,* 116 D.P.R. 139 (1985)). En estos casos no hay expectativa razonable de intimidad que proteger y, por lo tanto, no se configura una violación a la Sec. 10 del Art. II de la Constitución de Puerto Rico, L.P.R.A., Tomo 1.

*vención policial.*([10]) Como vemos la determinación de exclusión de evidencia requiere dilucidar inicialmente cuestiones de hecho. En este aspecto, tratadistas afirman:

> ... [t]he prosecution *must prove that the facts* of the instant case fall within some exception to the warrant requirement. (Énfasis suplido.) W.R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment*, 2da ed. Minnesota, Ed. West Publishing Co.1996, Vol. 5, Sec. 11.2(b), pág. 41.

Son precisamente los hechos particulares de cada caso los que permiten determinar si la actuación gubernamental es razonable y, por lo tanto, válida, no obstante la ausencia de orden judicial. Esto no significa que la adjudicación de una moción de supresión de evidencia es de naturaleza fáctica. Por el contrario, en el pasado hemos expresado que la Regla 234 de Procedimiento Criminal, *supra*, "se refiere a asuntos de derecho que hay que dirimir como paso previo a la admisibilidad de evidencia". *Pueblo v. Martínez Torres*, 126 D.P.R. 561, 575 (1990). No obstante, en función de establecer si hay fundamento en derecho que ordene la exclusión de la evidencia objetada, el tribunal deberá aquilatar cuestiones de hecho. *Pueblo v. Martínez Torres*, supra.

Sin embargo, lo anterior no significa que, por el hecho de que la ausencia de orden judicial previa activa una presunción de irrazonabilidad de la incautación, basta que el promovente fundamente su solicitud meramente en la ausencia de orden judicial previa. Para cumplir con lo establecido en la Regla 234 de Procedimiento Criminal, *supra*, deberá, además, exponer en su solicitud "los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que basa la misma."

Concluimos, pues, que *al presentar una solicitud de supresión de evidencia, no basta que el acusado establezca el hecho de que la evidencia objetada fue ocupada*

---

([10]) *Pueblo v. Vázquez Méndez*, 117 D.P.R. 170, 177 (1986).

*sin orden judicial previa de registro o allanamiento, para
que proceda la celebración de una vista. El acusado deberá,
además, acompañar su solicitud con hechos o fundamentos
que reflejen que el registro, la incautación o el allanamiento
es ilegal o irrazonable.*

En el caso de epígrafe, el peticionario planteó que la
información consignada en la declaración jurada era falsa
y constituía testimonio estereotipado presentado, con el
propósito de justificar el arresto del peticionario sin orden
judicial previa. Como vemos, el peticionario fundamentó su
solicitud de supresión de evidencia, no sólo en la ausencia
de una orden judicial previa, sino, además, en fundamen-
tos que controvertían la existencia de alguna de las cir-
cunstancias excepcionales que establecería la validez o le-
galidad de la incautación.

La solicitud del peticionario tuvo el efecto de cambiar el
peso de la prueba, colocando al Ministerio Fiscal en posi-
ción de convencer al tribunal de la legalidad de su
incautación. Siendo esto así, *una vez el peticionario contro-
virtió la legalidad de la incautación del Estado por la au-
sencia de una orden previa, y sustentó su solicitud con fun-
damentos que hacían el registro ilegal, le correspondía al
Ministerio Fiscal presentar evidencia y persuadir al tribu-
nal de la legalidad de la incautación. En esos casos es ne-
cesario llevar a cabo la vista evidenciaria.*[11]

 Nuestra posición obedece a que, según expresá-
ramos en *Pueblo v. Maldonado, Rosa, supra,* pág. 570, "el

---

[11] Sobre este particular el profesor Ernesto Chiesa explica:

"En cuanto a la adjudicación de la moción de supresión, la Regla dispone que
" 'el tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la reso-
lución de la solicitud'. Esto significa que si a la luz de las alegaciones en la moción el
peticionario no tiene derecho a la supresión, el tribunal podrá declarar sin lugar la
moción sin necesidad de vista. *Esto no parece ser posible en el caso de supresión de
evidencia incautada sin previa orden judicial, pues aquí el ministerio fiscal tiene la
obligación de presentar evidencia y de persuadir al tribunal de la validez del registro
o incautación. De ahí que sea necesario considerar el asunto separadamente, esto es,
si se trata de un caso de registro con o sin orden de registro. La distinción es muy
importante para la adjudicación de la moción* ". (Énfasis suplido y escolio omitido.)
Chiesa, *op. cit.,* Sec. 6.7, págs. 329–330.

promovente de una norma de supresión, *en situaciones en que el allanamiento en controversia fue realizado en virtud de orden judicial previa,* tiene la obligación de demostrar que el registro, y la incautación de la evidencia, fue irrazonable, y, por consiguiente, ilegal". (Énfasis suplido.) Al hacerlo debe demostrar que existe una controversia sustancial de hecho que haga necesaria la celebración de vista. En virtud de ello, en esos casos el peticionario debe sustentar con hechos específicos los fundamentos en los que basa su moción de supresión. Una vez lo hace, el tribunal podrá resolver la moción de supresión a base de los escritos, sin celebrar vista evidenciaria. La norma allí adoptada responde a la intención legislativa de que las mociones de supresión frívolas e infundadas no fueran utilizadas para diluir el trámite judicial.

Sin embargo, esos casos son distinguibles de los casos en los que no se ha expedido la orden judicial previa. En estos casos basta con que el promovente sustente su moción en la ilegalidad de la incautación por la ausencia de orden judicial previa y exponga hechos o fundamentos que harían el registro ilegal o irrazonable. Esto, automáticamente, impone el peso de la prueba sobre el Estado, que deberá probar la razonabilidad de su intervención. El tribunal, entonces, está obligado a celebrar vista evidenciaria para resolver la moción de supresión.

No hay duda de que una conclusión contraria restaría vitalidad y utilidad práctica a la Regla 234 de Procedimiento Criminal, *supra,* y a la norma que impone el peso de la prueba al Estado en casos en los que alguno de sus funcionarios ha incautado evidencia sin orden judicial previa. Ello considerando que éstas son normas que favorecen al acusado, en virtud del principio cardinal de que la necesidad de una orden judicial previa, obedece a la política pública de rango prioritario que exige la protección de la integridad, dignidad e intimidad del ser humano, interponiendo la figura del juez, como garantía de razonabili-

636

dad, a la intervención del Estado. *Pueblo v. Dolce*, 105 D.P.R. 422 (1976).

 Resolvemos, pues, que la parte promovente de una moción de supresión, en aquellos casos en que la evidencia obtenida fue producto de una incautación sin orden judicial previa, no tiene que demostrar que existe una controversia sustancial de hechos para que sea obligatoria la celebración de una vista. En esos casos bastará que el peticionario, en su solicitud, además de alegar que hubo ausencia de orden judicial previa, exponga los hechos o fundamentos que hacen la incautación, el registro o el allanamiento irrazonable. *En la vista, le corresponderá al fiscal establecer los elementos que sustentan la excepción correspondiente al requisito de orden judicial previa.*

Por los anteriores fundamentos, *procede dictar sentencia revocatoria y ordenando la devolución del caso al Tribunal de Primera Instancia, Sala Superior de Carolina, para la continuación de los tramites ulteriores pertinentes de conformidad con la Opinión del Tribunal.*

Los Jueces Asocidos Señores Hernández Denton y Fuster Berlingeri concurren en el resultado sin opinión escrita.