Rivera Martínez, Juez Ponente
*887 TEXTO COMPLETO DE LA RESOLUCIÓN
El 17 de enero de 2008, Pablo A. Torres López (en adelante peticionario) presentó un recurso de certiorari en el que solicita la revocación de la resolución emitida por el Tribunal de Primera Instancia (en adelante TPI) el 13 de diciembre de 2007, notificada el 17 de diciembre de 2007. Mediante la misma, se declaró no ha lugar la moción solicitando supresión de evidencia que presentó el peticionario.
Luego de evaluar el recurso presentado a la luz del derecho vigente, procedemos a denegar la expedición del mismo.
I
Conforme se desprende de la resolución recurrida, así como del escrito del peticionario, no existe controversia en cuanto al testimonio del agente Angel Maldonado Alicea, que consiste en lo siguiente:

“El Agente José A. Maldonado testificó que se encontraba investigando un accidente de tránsito donde el acusado era parte. Estando en la escena, es informado por la Sargento Noemí Pérez que la Sargento Sandra Colón (ambas presentes en la escena) que la retén del Precinto Policiaco El Tuque (quien testificó en la vista a dichos efectos) había recibido una confidencia anónima por vía telefónica que informaba sobre la existencia de “material delictivo” en el vehículo Nubira envuelto en el accidente. Dicho Agente informó al acusado sobre la 
*888
llamada y le solicitó autorización para revisar el vehículo. Testificó que aunque el acusado “titubeó ” en dos ocasiones, finalmente le dio su autorización. Indicó, además, que salvo que llevaba una cuellera puesta, éste se encontraba bien. Así las cosas, el registro fue realizado por el Sargento Pedro Carlo (quien también testificó en la vista a dichos efectos) a solicitud del Agente Maldonado, y en presencia del acusado, quien exclamó “bingo" al encontrar una escopeta debajo de una sábana en el suelo y entre los asientos. El Agente le preguntó si la escopeta era de él, lo cual negó. Le leyó las advertencias de ley y puso bajo arresto. ”

Además, plantea el peticionario que el agente Ángel Maldonado Alicea declaró en la vista de supresión de evidencia que cuando solicitó la autorización para registrar el vehículo, el agente sospechaba que tenía “material delictivo” y su motivo era encontrarlo para encausarlo criminalmente. Que aun al tener esta intención, no se le hicieron las advertencias de ley.
Luego de celebrarse la vista de supresión, el TPI concluyó que “[l]os hechos de este caso demuestran que el consentimiento dado por el acusado a los agentes para registrar su vehículo fue uno libre y voluntario; y que el registro fue uno razonable al haberse mantenido dentro del alcance del consentimiento. ” Por ello, declaró no ha lugar la moción de supresión radicada por la defensa.
De esta resolución, recurre el peticionario ante nos y nos plantea el siguiente señalamiento de error:

“Erró el Tribunal de Primera Instancia al denegar la solicitud de supresión de evidencia incautada, ya que se le solicitó al peticionario registrar su vehículo sin el agentes (sic) del orden público haber hecho las debidas advertencias legales, los “Miranda warnings ”

II
La sección 10 del artículo II de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico garantiza el derecho del pueblo a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables. Pueblo v. Calderón Díaz, 156 D.P.R. 549 (2002); Pueblo v. Cruz Calderón, 156 D.P.R. 61 (2002). Es en virtud de este mandato constitucional que, de ordinario, queda prohibido el arresto de personas o registros o allanamientos sin una previa orden judicial, apoyada la misma en una determinación de causa probable por un foro judicial. Pueblo v. Calderón Díaz, supra.
La Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 34, es el medio práctico procesal mediante el cual un ciudadano puede reclamar los derechos que consagra la mencionada disposición constitucional. Pueblo v. Blase Vázquez, 148 D.P.R. 618, 627 (1999). Esta regla provee para la interposición de una moción de supresión de evidencia. En lo pertinente, dicha regla dispone que:

“La persona agraviada por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la Regla 233 la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad, por cualquiera de los siguientes fundamentos:

a. Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

b. Que la orden de allanamiento o registro es insuficiente de su propia faz.

c. Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción-hecha en la orden de allanamiento o registro.

d. Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

*889
e. Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

f. Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente. ”

En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma. El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud.
Además de lo anterior, se ha aclarado que si bien es cierto que la citada Regla 234 aparenta referirse exclusivamente a la vista de supresión relativa a casos de allanamientos, no debe haber duda alguna que la referida norma es aplicable a toda vista de supresión que se celebre con el propósito de dilucidar la legalidad o razonabilidad de la ocupación de evidencia por parte de agentes del orden público. Lo anterior, en el entendido de que no hay en derecho una diferencia entre una vista de supresión relativa a la ocupación de evidencia en un allanamiento y una evidencia ocupada como consecuencia de un arresto sin orden previa. Pueblo v. Bonilla Romero, 120 D.P.R. 92 (1989).
Súmese que, en casos en los que se cuestiona la legalidad o razonabilidad de una intervención del Estado que se realizó sin orden judicial previa, se reconoce una presunción de invalidez que favorece al acusado. La referida presunción obliga al Ministerio Público a presentar evidencia para demostrar la legalidad y razonabilidad de la actuación del Estado. Para ello, le compete al Ministerio Público rebatir la presunción de invalidez demostrando la existencia de alguna circunstancia excepcional que justifique actuar sin orden previa. Pueblo v. Blase Vázquez, supra, a la pág. 631. Algunas de esas circunstancias excepcionales se concretan cuando se trata de evidencia que se encuentra a plena vista. Pueblo v. Dolce, 105 D.P.R. 422 (1976).
Así por ejemplo, en ausencia de orden previa para la incautación, le corresponde al Estado demostrar que los hechos particulares del caso justificaban la intervención policial. Los hechos particulares de cada caso permiten determinar si la actuación gubernamental, sin orden judicial, es razonable y consiguientemente válida. Pueblo v. Blase Vázquez, supra, a la pág. 632. No obstante, se aclara que ello no significa que la adjudicación de una moción de supresión de evidencia es de naturaleza fáctica. Al contrario, se refiere a asuntos de derecho que hay que solucionar como paso previo a la admisibilidad de evidencia. Id.
Además de lo anterior, es preciso traer a colación otros aspectos de interés en lo que atañe a la naturaleza de la vista de supresión de evidencia. Sobre el particular, se ha expresado que una vista donde se discute una moción de supresión de evidencia no es el “acto del juicio” que contempla nuestro ordenamiento jurídico. Pueblo v. Rivera Rivera, 117 D.P.R. 283, 289 (1986). Se interpreta por lo anterior que en la vista de supresión de evidencia no está en controversia la culpabilidad o inocencia del acusado; lo único que tiene que determinarse es la legalidad o razonabilidad del registro realizado. Id. Agréguese a lo anterior que el quántum de prueba requerido en una vista de supresión de evidencia es el de la preponderancia de la prueba. E. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1991, Vol. I, pág. 333.
Aunque la trayectoria jurisprudencial en esta área ha oscilado en su aplicación a través de los años, tanto el Tribunal Supremo local como el Tribunal Supremo Federal consistentemente han expresado su preferencia por la previa intervención de un magistrado con criterio neutral e independiente. Johnson v. United States, 333 US 10, 13-14 (1948); Toward a Functional Fourth Ammendment Approach to Automobile Search and Seizure Cases, 43 Ohio St. L.J., pág. 861 (1982). En otras palabras, la regla general es que los agentes del orden público deben primero obtener una orden judicial para efectuar un registro. Las excepciones a esta norma, que no es absoluta, son por otra parte limitadas y específicas. Pueblo v. Ismael Rivera Rivera, 117 D.P.R. 283 (1986); Pueblo v. González Rivera, 100 D.P.R. 651, 656-657 (1972); Katz v. United States, 389 U.S. 347 (1967); Jones *890 v. United States, 357 U.S. 493 (1958).
El presente caso envuelve un arresto sin que exista una orden de arresto, situación que pudiera estar comprendida bajo los parámetros de la Regla 11 del Procedimiento Criminal, supra.
Un funcionario del orden público podrá hacer un arresto sin la orden correspondiente:

“(a) Cuando tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito en su presencia. En este caso deberá hacerse el arresto inmediatamente o dentro de un término razonable después de la comisión del delito. De lo contrario, el funcionario deberá solicitar que se expida una orden de arresto.

(b) Cuando la persona arrestada hubiese cometido un delito grave (felony), aunque no en su presencias

(c) Cuando tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito grave (felony), independientemente de que dicho delito se hubiere cometido o no en realidad. ”

Nuestro Tribunal Supremo ha resuelto que la frase “motivos fundados” es sinónima de la de “causa probable” contenida en el Art. II, Sec. 10 de nuestra Constitución, L.P.R.A., Tomo 1. Pueblo v. Díaz Díaz, 106 D.P.R. 348 (1977). Desde luego, no debemos perder de vista que la “causa probable” se determina a base de criterios de probabilidad y razonabilidad, y que es doctrina firmemente establecida en nuestra jurisdicción que esa determinación tiene que basarse en hechos y no en meras sospechas. Pueblo v. Rey Marrero, 109 D.P.R. 739 (1980). Reiteradamente, nuestro más alto Foro ha resuelto que un agente del orden público tiene “motivos fundados” para arrestar a un ciudadano al entrar en posesión de aquella información o conocimiento que lleva a una persona ordinaria y prudente a creer que la persona a ser arrestada ha cometido un delito público. Por esta razón se hace necesaria la evaluación de las circunstancias específicas de cada caso en particular. Pueblo v. Alcalá Fernández, 109 D.P.R. 326 (1980).
En otras palabras, nada impide que la determinación de motivos fundados sea el resultado de la suma acumulativa de hechos que se desarrollan en rápida sucesión dentro de un tiempo relativamente coito. Pueblo v. Ruiz Bosch, 127 D.P.R. 762, 772 (1991). Sabido es también que para que existan motivos fundados para realizar un arresto sin orden judicial, deben existir circunstancias excepcionales que lo justifiquen. Pueblo v. Colón, Bernier, 148 D.P.R. 135 (1999). En resumen, el agente del orden público que realiza un arresto debe conocer o estar informado de hechos concretos que razonablemente apunten a la comisión de un delito; las meras sospechas no bastan. Pueblo v. Colón Bernier, supra.
Ahora bien, la exigencia de motivos fundados no impide que los agentes del orden público actúen en forma coordinada y concertada en la persecución de un crimen. En Pueblo v. Luzón, 113 D.P.R. 315, 324 (1984), nuestro más alto Foro señaló que “el conocimiento de cada agente — es atribuible a los demás”. También señaló que “[s]e puede establecer la existencia de causa para justificar un arresto sin orden, basado en información policíaca colectiva al momento del mismo, siendo innecesario que el oficial que lleva a cabo el arresto lo haga basándose únicamente en su conocimiento personal de las circunstancias. Basta con que el agente de la Policía que inició la cadena de comunicaciones tenga información de primera mano”. (Citas omitidas).
La labor policíaca se vería entorpecida si los agentes estuvieran impedidos de actuar de acuerdo con instrucciones, órdenes o información que se transmiten de un agente a otro, no sólo de persona a persona, sino a través de cualquier medio de comunicación, especialmente cuando se trata del sistema oficial de radioteléfono. Lo contrario propiciaría la fuga del sospechoso y frustraría la gestión de la Policía. United States v.' Robinson, 536 F.2d 1298, 1299 (1976). No debe haber duda de que un policía puede actuar según la información provista por otro miembro de la fuerza y puede, simplemente, presumir la confiabilidad y certeza de lo comunicado.
*891 Desde luego, el hecho que un agente pueda actuar según una comunicación de otro policía sin tener motivos fundados no significa que el Ministerio Público queda relevado de su deber de presentar evidencia para establecer la legalidad del arresto. Pueblo v. Martínez Torres, 120 D.P.R. 496. Cuando se cuestiona la validez de esta actuación en el contexto de una moción de supresión de evidencia es necesario que se presente evidencia para establecer los motivos fundados que tuvo el agente que dio la orden o que originó la cadena de información que tuvo como resultado que se ordenase el arresto. Pueblo v. Luzón, 113 D.P.R. 315; W.R. La Fave, Search and Seizure: A Treatise on the Fourth Amendment, 2da. ed., St. Paul, Minnesota, West Pub. Co., 1986, Vol. 2, Sec. 3.5, págs. 2-15.
En relación con lo anterior, el Tribunal Supremo de Puerto Rico adoptó la norma jurisprudencial federal utilizada para evaluar las circunstancias en que una confidencia puede servir de base para la existencia de causa probable. Estos criterios sirven de base para el examen de los supuestos en que se realizó una intervención o arresto por algún agente del orden público, como consecuencia de haber éstos recibido una “confidencia” sobre supuesta actividad delictiva. En Pueblo v. Díaz Díaz, 106 D.P.R. 348 (1977), se expresó que la norma configura cuatro (4) criterios, respecto a los cuales, basta la concurrencia de uno para entender que la confidencia es suficiente para constituir causa probable.
Los criterios son:

“1. que el confidente previamente ha suministrado información correcta;

2. que la confidencia conduce hacia el criminal en términos de lugar y tiempo;

3. que la confidencia ha sido corroborada por observaciones del agente, o por información proveniente de otras fuentes; y

4. que la corroboración se relaciona con actos delictivos cometidos, o en proceso de cometerse. ”

No obstante lo anterior, es preciso traer a colación que en Pueblo v. Muñoz, Colón y Ocasio, 131 D.P.R. 964 (1992), se aclaró que:

“[...][Ajunque en nuestras decisiones hemos dicho que basta uno sólo de los requisitos señalados en Díaz Díaz, supra, para que la información provista por un confidente anónimo sirva parcialmente de base para determinar válidamente la existencia de causa probable, lo cierto es que al aplicar la norma siempre hemos exigido que la confidencia haya sido corroborada por el agente ya sea mediante observación personal o por información de otras fuentes. (Enfasis suplido.)

Posteriormente, en Pueblo v. Muñoz, Colón y Ocasio, ante, se expresó que la corroboración no debe limitarse a juzgar si la conducta observada es inocente o incriminatoria, sino a evaluar el grado de sospecha que levantan todos los actos de la persona objeto de la confidencia. Se aclara que de la investigación policial no tiene que surgir evidencia suficiente para establecer causa probable, sino que basta que la misma señale la presencia de una actividad sospechosa del carácter sugerido en la confidencia. Pueblo v. Serrano, Serra, 148 D.P.R. 173 (1999). (Énfasis suplido).

Lo expuesto en Pueblo v. Muñoz, Colón y Ocasio, ante, fue reiterado en Pueblo v. Ortiz Alvarado, 135 D.P. R. 41 (1994). En esa ocasión, específicamente se expresó que: En todos los casos donde hemos determinado, al amparo de los criterios establecidos en Pueblo v. Díaz Díaz, supra, que una confidencia ha sido suficiente para sostener la validez del arresto y allanamiento, los hechos reflejan que ha habido una corroboración de alguna actividad sospechosa del carácter sugerido en la confidencia. (Énfasis suplido.)”
*892 Esta investigación u observación personal que se hace cuando se ha recibido una confidencia es un requisito del cual no se puede prescindir. Pueblo v. Serrano Serra, 148 D.P.R. 173 (1999). Debe mantenerse presente que la confidencia dada por un confidente anónimo es una que se presume no confiable. El Tribunal Supremo ha expresado que no se debe permitir que se interfiera con la libertad de un ciudadano meramente a base de una información que fue brindada por una persona que no se identifica ante las autoridades y cuya acción puede ser el producto de una venganza, una broma o de un acto de discriminación de cualquier clase; en fin, a base de una declaración que no presta garantía alguna de veracidad.
De otra parte, sabido es que cuando una investigación criminal se centra sobre una persona en particular, ésta se convierte en sospechosa de la comisión del delito bajo investigación; y si los agentes pretenden interrogar al sospechoso, éstos vienen obligados de advertirle de una serie de derechos constitucionales que nuestro ordenamiento le garantiza. Véase, Pueblo v. De Jesús, 148 D.P.R. 995, 1000 (1999). Entre estos derechos, el derecho a permanecer callado, a no incriminarse, y a que su silencio no pueda ser tomado como prueba en su contra. Miranda v. Arizona, 384 U.S. 486 (1966); Pueblo en interés del menor J.A.B.C., 123 D.P.R. 551 (1989).
La admisibilidad de cualquier declaración incriminatoria de un acusado, está sujeta a normas evidenciaxias establecidas en las reglas, independientemente de la validez de su obtención. Pueblo v. Rivera Nazario, 141 D. P.R. 865 (1996). Por otro lado, si la admisión se obtiene en violación a los derechos constitucionales del acusado, debe ser excluida aun cuando cumpla con las Reglas de Evidencia.
Para que un acusado pueda invocar con éxito la protección constitucional y así impedir que el Estado presente en evidencia durante el proceso una admisión o confesión que él hizo durante la etapa investigativa, por razón de habérsele violado su derecho contra la autoincriminación, tienen que estar presentes cuatro circunstancias: (1) al momento de obtenerse la declaración impugnada ya la investigación se había centralizado sobre la persona que prestó la misma, es decir, ésta era sospechoso de la comisión de un crimen; (2) el acusado se encontraba “bajo custodia” del Estado; (3) la declaración fue “producto de un interrogatorio” de parte de los agentes del estado; y (4) antes de que comenzara el interrogatorio, o que se hiciera la manifestación objetada, los agentes no le hicieron advertencia alguna al sospechoso sobre los derechos que le asisten, por lo que no medió renuncia alguna a dichos derechos por paite de éste. Pueblo v. López Guzmán, 131 D.P.R. 867 (1992).
El momento en que se activa la norma constitucional antes resumida es cuando la investigación se torna acusatoria y se centraliza en una persona particular con el fin último de obtener una confesión. Por ello, los agentes no vienen obligados a hacer las advertencias de rigor cuando interrogan a una persona en una etapa no adversativa de la investigación criminal y sobre la cual no se ha centralizado investigación alguna. Chiesa Aponte, Ernesto, Derecho Procesal Penal de Etados Unidos, Colombia, Tercer Mundo Editores, 1991, Vol. I, pág. 84. (Énfasis suplido.)
III
El auto de certiorari es un remedio procesal, utilizado para que un tribunal de mayor jerarquía pueda corregir un error cometido por un tribunal inferior. La expedición del mismo, como señala la ley, queda en la sana discreción del tribunal apelativo. El Reglamento del Tribunal de Apelaciones establece una serie de criterios, para guiar “de una manera sabia y prudente la facultad de entender o no en los méritos en los asuntos que le son planteados mediante el recurso de certiorari.... Negrón v. Srio de Justicia, 154 D.P.R. 79, 90-91 (2001). A esos efectos, la Regla 40 del Reglamento, 4 L.P.R.A. Ap. XXII-B, R. 40, dispone lo siguiente:

“El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a 
*893
derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. ”

Luego de haber examinado los autos, debemos concluir que no concurre ninguno de los criterios antes mencionados y no encontramos fundamentos válidos que ameriten expedir el auto para intervenir con la determinación recurrida.
En el caso ante nuestra consideración, no hubo corroboración de alguna actividad sospechosa del carácter sugerido en la confidencia, por lo que el agente Ángel Maldonado Alicea estaba impedido de interferir con la libertad del peticionario. Ante ello, no venía obligado a hacerle las advertencias de rigor, por lo que actuó correctamente el Tribunal de Primera Instancia al declarar no ha lugar la moción de supresión de evidencia.
Por los fundamentos antes expresados, se deniega la expedición del recurso de certiorari solicitado.
Notifíquese.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones