SENTENCIA
En esta ocasión, nos corresponde determinar si erró el Tribunal de Apelaciones al revocar una resolución del Tribunal de Primera Instancia para declarar “con lugar” una solicitud de supresión de evidencia presentada por el peticionario. Por entender que el Tribunal de Primera Instancia erró manifiestamente al invertir el peso de la prueba para suprimir la evidencia objeto de un registro realizado mediante una orden judicial, confirmamos el dictamen recurrido.
I
Un confidente que había prestado información confiable a la Policía de Puerto Rico en el pasado alertó al agente *878 Charlie Pérez Feliciano que el Sr. Antulio Nieves Hernández se dedica a comprar propiedad hurtada y que recientemente había comprado ilegalmente varias armas de fuego con el propósito de venderlas en el mercado de contrabando. Para corroborar esta información, el agente Pérez Feliciano procedió con el informante a localizar la residencia del señor Nieves Hernández en un vehículo oficial no rotulado. Allí identificaron al señor Nieves Hernández en las afueras de su residencia.
Alegadamente, el confidente se bajó del vehículo y simuló la intención de comprar un arma de fuego. En aras de realizar una transacción, el señor Nieves Hernández entró a su residencia y regresó a los dos minutos portando un revólver color “cromado” con cachas de madera. Luego de que el señor Nieves Hernández le demostrara y entregara dicha arma de fuego, el confidente se la devolvió a éste y regresó al vehículo donde esperaba el agente Pérez Feliciano.
Con el propósito de obtener una orden de registro, el agente Pérez Feliciano hizo una declaración jurada en la que describió detalladamente los sucesos mencionados, así como la localización de la residencia en donde acontecieron. Examinada la declaración jurada, el Tribunal de Primera Instancia emitió una orden de registro y allanamiento contra la residencia del señor Hernández Nieves.
Al diligenciarse la orden, el señor Nieves Hernández voluntariamente aceptó poseer armas de fuego y dirigió a los agentes del orden público a localizar algunas de éstas. Así las cosas, los oficiales de la Policía ocuparon varias armas de fuego en distintos lugares de la residencia.
Como resultado de ese allanamiento, el Ministerio Público presentó ocho denuncias contra el señor Nieves Hernández por violación a los Arts. 5.06, 5.07, 5.10 y 6.01 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 458e, 458f, 458i y 459. Posteriormente, el Tribunal de Primera Instancia determinó causa probable para acusar al señor Nieves Hernández por la comisión de estos delitos. Luego de los incidentes procesales de rigor, el señor Nieves Hernández *879 solicitó la supresión de la evidencia que le fue incautada mediante el mecanismo provisto por la Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.
Celebrada la vista evidenciaría, el Tribunal de Primera Instancia suprimió la prueba incautada y archivó las acusaciones contra el señor Nieves Hernández. El foro de instancia concluyó que, cuando un acusado alega en una moción de supresión de evidencia que el testimonio prestado por el agente que hizo las vigilancias que motivó la expedición de la orden de registro es estereotipado, le corresponde al Ministerio Público el peso de la prueba para demostrar lo contrario. A pesar de que el agente Pérez Feliciano reprodujo la misma narración de los hechos que expuso en la declaración jurada mencionada, el tribunal de instancia no le dio credibilidad al testimonio prestado por éste en dicha vista evidenciaría.
Por no estar de acuerdo con dicho dictamen, el Ministerio Público acudió al Tribunal de Apelaciones mediante un recurso de certiorari. Dicho foro apelativo expidió el auto y revocó al Tribunal de Primera Instancia. En síntesis, determinó que el agente Pérez Feliciano proveyó una descripción detallada de la actividad ilegal que presenció.
Examinado el recurso, acordamos expedir el auto. Con el beneficio de la comparecencia de las partes, procedemos a resolver.
II
Sabido es que el Art. II, Sec. 10, de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, establece que sólo se expedirán mandamientos para autorizar registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo el lugar que se registrará y las personas que serán detenidas. Además, dicho precepto constitucional dispone que la evidencia obtenida en violación de esta sección es inadmisible en los tribunales.
*880 Ello exige que la determinación judicial de causa probable se apoye en una declaración jurada o afirmación que se sustente mediante premisas verdaderas y razonables. Asimismo, la determinación de causa probable necesaria para expedir una orden de registro o allanamiento, descansa en la probabilidad de que exista determinado objeto ilegal incautable y que ese objeto se encuentre en el lugar que habrá de registrarse o allanado. Pueblo v. Camilo Meléndez, 148 D.P.R. 539, 555 (1999).
Ahora bien, hemos expresado reiteradamente que al determinar si existe o no causa probable para expedir una orden de allanamiento no estamos llamados a establecer si la ofensa que se imputa fue verdaderamente cometida. En esencia, sólo nos corresponde determinar si el deponente tuvo base razonable, al momento de prestar su declaración jurada y haberse librado la orden de registro, para creer que se estaba violando la ley en el lugar a ser allanado. Pueblo v. Ortiz Alvarado, 135 D.P.R. 41, 47 (1994); Pueblo v. Tribunal Superior, 91 D.P.R. 19, 25 (1964). De igual forma, al pasar juicio sobre la causa probable que justifica la expedición de una orden, debemos dilucidar si los hechos aparentes que se desprenden de la declaración jurada son de tal naturaleza que una persona prudente y razonable pudiera creer que se ha cometido la ofensa imputada. Pueblo v. Valenzuela Morel, 158 D.P.R. 526, 543 (2003); Pueblo v. Santiago Avilés, 147 D.P.R. 160, 167 (1998).
Por otro lado, la Regla 234 de Procedimiento Criminal, supra, provee un mecanismo procesal excepcional para suprimir evidencia obtenida en contravención con lo expuesto. Dicha regla constituye un mecanismo para hacer efectiva la protección constitucional contra registros o allanamientos ilegales o irrazonables. Pueblo v. Blasé Vázquez, 148 D.P.R. 618 (1999). Véase, además, O.E. Resumil, Práctica jurídica de Puerto Rico, derecho procesal penal, San Juan, Ed. Equity, 1990, T. 1, pág. 276. Sin embargo, una vista de supresión de evidencia no equivale a un juicio en su fondo, pues no se dilucida en ésta la culpabilidad o inocencia del acusado. Esa vista se debe circunscribir a consi *881 derar si el registro efectuado fue o no razonable. Pueblo v. Rivera Rivera, 117 D.P.R. 283 (1986).
En vista de ello, debemos distinguir entre un registro y allanamiento realizado mediante un mandamiento judicial y el que se efectúa sin esa orden previa. Es un principio firmemente establecido en nuestro ordenamiento constitucional que cualquier registro, allanamiento o incautación realizados sin una orden judicial previa se presume irrazonable y, por ende, inválido. Por consiguiente, en ausencia de una orden judicial le corresponde al Estado probar la razonabilidad y validez del registro y allanamiento. Pueblo v. Loubriel, Suazo, 158 D.P.R. 371, 380 (2003).
Por otro lado, cuando el registro se efectúa al amparo de una orden judicial impera una presunción de legitimidad, pues toda determinación judicial se acompaña de una presunción de corrección. En esos casos, el acusado tiene el peso de la prueba para rebatir la legalidad y razonabilidad de la actuación gubernamental.
A su vez, y como bien señala el profesor Ernesto Chiesa,
... el juez que adjudica una moción de supresión de evidencia incautada mediante previa orden judicial, impugnada por alegada ausencia de causa probable ... debe guardar cierta deferencia a la inicial determinación de causa probable que hizo el magistrado que expidió la orden .... Nos parece que una vez obtenida la orden, la mejor norma es que la ulterior revisión judicial de tal determinación se guíe bajo el principio general de que la función judicial revisora será determinar si había base suficiente para que un magistrado determinara causa probable; debe rechazarse la norma de que se haga una determinación de novo de causa probable. (Enfasis suplido.) E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1992, Vol. I, pág. 370.
Ante tales supuestos, hemos expresado que la declaración jurada que sirvió de base para la expedición de la or-den de allanamiento es suficiente cuando el testimonio del agente que intervino en la investigación describe detalladamente el lugar que habrá de registrarse y las personas que serán detenidas. Para impugnar la razonabilidad de un registro realizado al amparo de una determinación ju *882 dicial, el acusado debe probar que el testimonio que dio lugar al mandamiento fue vago o estereotipado, porque “se reduce a establecer los elementos mínimos necesarios para sostener un delito sin incluir detalles imprescindibles para reforzarlos”. Pueblo v. Rivera Rodríguez, 123 D.P.R. 467, 480 (1989). Véase Pueblo v. González del Valle, 102 D.P.R. 374, 376 (1974).
Con este marco normativo en mente, procedemos a resolver la controversia ante nos.
III
Aquí, el Tribunal de Primera Instancia atendió la solicitud de supresión de evidencia como si se tratara de un registro sin una orden judicial y le correspondiera al Estado rebatir la presunción de ilegalidad de éste. Ello, a pesar de que el registro y allanamiento de la residencia del señor Nieves Hernández se realizó al amparo de un mandamiento judicial para tales propósitos.
Aparentemente, este error manifiesto del foro de instancia fue motivado por la sugerencia del señor Hernández Nieves, sin prueba o argumentación alguna al respecto, de que el testimonio del agente Pérez Feliciano fue estereotipado. Tal premisa equivocada es evidente, dado que, en la vista de supresión de evidencia, el juez de instancia concluyó que “[e]l Ministerio Público tiene que rebatir esa presunción con prueba que establezca que el testimonio es uno creíble, yendo más allá de los datos indispensables para probar los requisitos mínimos de un delito”. (Enfasis suprimido.) Apéndice de la Petición de certiorari, pág. 7. Este razonamiento es errado, pues este caso no versa sobre un registro y allanamiento sin una orden donde la imputación de testimonio estereotipado generaría una obligación del Ministerio Público de probar lo contrario, sino de una intervención gubernamental autorizada por un funcionario judicial neutral que determinó que la declaración jurada del agente Pérez Feliciano resultaba suficiente para expedir dicho mandamiento.
Por otro lado, surge del expediente que tanto la declara *883 ción jurada como el testimonio del agente Pérez Feliciano proveyeron una descripción sumamente detallada y particularizada de la actividad ilegal que presenció. A pesar de que el agente no corroboró si el señor Nieves Hernández poseía una licencia para poseer armas de fuego, ese dato era impertinente ante la realidad fáctica de que no la poseía y que el confidente que colaboró con la investigación simuló una transacción voluntaria con el acusado sin que se cumplieran con ninguna de las formalidades estrictas que impone la ley para la compraventa en el mercado de armas de fuego.
Por consiguiente, el señor Nieves Hernández no ha demostrado mediante preponderancia de la prueba la ilegalidad imputada para rebatir la causa probable que dio lugar al mandamiento judicial autorizando el registro y allanamiento. Evidentemente, el Tribunal de Apelaciones actuó correctamente al revocar la resolución del foro de instancia, pues éste cometió un error manifiesto al suprimir la evidencia y ordenar el archivo de los cargos presentados contra el señor Nieves Hernández.
IV
Por los fundamentos expuestos, se expide el auto solicitado, se confirma la sentencia dictada por el Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos según lo aquí dispuesto.
Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.
La Juez Asociada Señora Fiol Matta disintió con una opinión escrita.