ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>v.<br><br><br>WILLIAM CARLOS RAMOS TORRES<br><br>Peticionario | TA2025CE00426 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.:<br>B SC2025G0006-08 (3C)<br>B LA2025G0001-02 (2C)<br><br>Sobre:<br>Art. 402, 404 y 412 de la Ley de Sustancias Controladas; Art. 6.08 y 6.22 de la Ley de Armas |
| PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>v.<br><br><br>MINELIS RIVERA LÓPEZ<br><br>Peticionaria | | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.:<br>B SC2025G0009-11 (3C)<br>B LA2025G0003-04 (2C)<br><br>Sobre:<br>Art. 402, 404 y 412 de la Ley de Sustancias Controladas; Art. 6.08 y 6.22 de la Ley de Armas |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de septiembre de 2025.

Comparecen William Carlos Ramos Torres y Minelis Rivera López (en conjunto, "Peticionarios") mediante *Petición de Certiorari* y nos solicitan que revisemos una *Resolución* emitida el 7 de agosto de 2025, notificada el día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Aibonito ("TPI"). En virtud del referido dictamen, el TPI denegó la solicitud de supresión de evidencia instada por los peticionarios.

Por los fundamentos que expondremos a continuación, se expide el auto solicitado y se *confirma* la determinación recurrida.

**I.**

El 3 de septiembre de 2024 el TPI emitió una *Orden de Registro y Allanamiento* para ingresar a la residencia de William Ramos Torres. La referida orden se fundamentó en una declaración jurada prestada por el agente Kevin Torres Padilla, diligenciada el 22 de agosto de 2024. Del inventario ocupado en la propiedad se encontró: (1) una bolsa plástica transparente con un polvo blanco compacto en forma de piedra que aparentaba ser cocaína; (2) una balanza digital; (3) una caja con bolsas plásticas transparentes con un polvo blanco que aparentaba ser cocaína; (4) una pistola marca Glock, calibre .40, con dos cargadores de la misma marca; (5) un papel de aluminio con un polvo blanco en su interior; y (6) dinero en efectivo.

Por estos hechos, el 4 de septiembre de 2024, el Ministerio Público presentó cinco (5) denuncias en contra de los peticionarios, por violación a los Artículos 402, 404 y 412 de la Ley de Sustancias Controladas[1], y violación a los Artículos 6.08 y 6.22 de la Ley de Armas[2].

El 20 de junio de 2025, los acusados, respectivamente, presentaron mociones de supresión de evidencia al amparo de la Regla 234 de Procedimiento Criminal, 34 LPRA Ap. II, R. 234. En síntesis, sostuvieron que la evidencia ocupada fue el resultado de una orden de registro y allanamiento basada en una declaración jurada insuficiente. Alegaron que las manifestaciones realizadas bajo juramento eran falsas, ya que no surgía lo siguiente: (1) si la información ofrecida de manera anónima fue por una voz masculina o femenina; (2) si la residencia estaba siendo utilizada para la comisión de un delito; (3) el nombre completo del acusado; (4) si el agente utilizó binoculares; (5) la distancia desde la cual realizó sus observaciones; (6) el alcance de los binoculares; y (7) si el

---

[1] Arts. 402, 404 y 412 de la Ley 4 de 23 de junio de 1971, según enmendada, conocida como la *Ley de Sustancias Controladas de Puerto Rico*, 24 LPRA secs. 2402, 2404 y 2412.
[2] Arts. 6.08 y 6.22 de la Ley 168-2019, según enmendada, conocida como la *Ley de Armas de Puerto Rico de 2020*, 25 LPRA secs. 466g y 466u.

agente tomó fotografías o videos durante la vigilancia. Añadieron que lo declarado se limitó a exponer los elementos mínimos del delito.

El 17 de julio de 2025, el Ministerio Público presentó una *Réplica a Moción sobre Supresión de Evidencia*. Adujo que las presuntas insuficiencias de la declaración jurada no invalidan la orden de registro y allanamiento expedida. Destacó, además, que los hechos narrados por el agente fueron debidamente corroborados mediante las vigilancias. Por tanto, arguyó que los acusados no lograron rebatir la presunción de corrección que le cobija a la orden de registro y allanamiento.

Consecuentemente, el 7 de agosto de 2025, notificada el día siguiente, el foro de instancia emitió una *Resolución*. En virtud del referido dictamen, denegó la solicitud de supresión de evidencia instada por los peticionarios. Razonó que las solicitudes presentadas por los acusados no cumplieron con los criterios establecidos por la Regla 234 de Procedimiento Criminal, *supra*. De manera particular, detalló que los acusados no expusieron razones concretas que fundamenten su planteamiento, ni demostraron la existencia de una controversia sustancial de hechos que requiera la celebración de una vista evidenciaria. A su vez, especificó que, conforme a los hechos observados y las circunstancias expuestas por el agente, el magistrado podía razonablemente concluir que el objeto del registro se encontraba en la residencia señalada. Por tanto, concluyó que existía base razonable a los fines de determinar causa probable para expedir la orden de registro y allanamiento.

Inconformes, el 8 de septiembre de 2025, los acusados acudieron ante esta Curia mediante *Petición de Certiorari*. Los peticionarios realizaron el siguiente señalamiento de error:

> **El Honorable Tribunal de Instancia cometió error de derecho y/o abusó de su discreción, al declarar No Ha Lugar de plano -sin la celebración de una vista evidenciaria- la moción de supresión de evidencia presentada por los peticionarios al amparo de la Regla 234 de Procedimiento Criminal de 1963, según enmendada, a pesar de que, entre otras, el propio TPI admitió y**

**reconoció la relevancia de las omisiones levantadas y argumentadas por la defensa para efectos de evaluar si existía causa probable para expedir la orden de registro.**

El 22 de septiembre de 2025, el Ministerio Público presentó su alegato en oposición. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016). Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del

Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

El derecho a la intimidad está consagrado en la Constitución del Estado Libre Asociado de Puerto Rico. Particularmente, el Artículo II, Sección 10 de la Constitución dispone, en lo aquí pertinente, que:

> No se violará el derecho del pueblo a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables.
>
> [...]
>
> Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar o registrarse, y las personas a detenerse o las cosas a ocuparse.
>
> Evidencia obtenida en violación de esta sección será inadmisible en los tribunales. Art. II, Sec. 10, Const. ELA [Const. PR], LPRA, Tomo 1.

Tal salvaguarda constitucional tiene como fin: (1) disuadir a los funcionarios del orden público para que no violen la Constitución, (2) proteger la integridad de los tribunales al no permitir que en los procesos

judiciales se utilice evidencia obtenida ilegalmente, y (3) evitar que el Estado se beneficie de sus propios actos ilegales. *Pueblo v. Rivera Surita*, 202 DPR 800 (2019). Dicho mandato protege la intimidad y dignidad de los seres humanos, ampara sus documentos y demás pertenencias e interpone la figura de un juez entre los funcionarios públicos y la ciudadanía para ofrecer mayor garantía de razonabilidad a toda intrusión gubernamental. *Pueblo v. Rolón Rodríguez*, 193 DPR 166, 175 (2015); *Pueblo v. Ferreira Morales,* 147 DPR 238, 249 (1998).

Ahora bien, la Regla 231 de Procedimiento Criminal, 34 LPRA Ap. II, R. 231, establece los requisitos de forma y contenido con los que debe cumplir una orden de registro y allanamiento. Atinente a la controversia ante nos, la aludida regla dispone lo siguiente:

> No se librará orden de allanamiento o registro sino en virtud de declaración escrita, prestada ante un magistrado bajo juramento o afirmación, que exponga los hechos que sirvan de fundamento para librarla. Si de la declaración jurada y del examen del declarante el magistrado quedare convencido de que existe causa probable para el allanamiento o registro, librará la orden en la cual se nombrarán o describirán con particularidad la persona o el lugar a ser registrado y las cosas o propiedad a ocuparse. [...] *Íd.*

Por otra parte, la Regla 234 de Procedimiento Criminal, *supra*, provee el mecanismo para suprimir la evidencia obtenida mediante actuaciones irrazonables del Estado. El estatuto dispone que toda persona perjudicada por un allanamiento o registro ilegal podrá solicitar la supresión de la evidencia obtenida por cualquiera de los siguientes fundamentos:

(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

(b) Que la orden de allanamiento o registro es insuficiente de su propia faz.

(c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.

(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente. *Íd.*

Una moción de supresión de evidencia al amparo de la Regla 234 de Procedimiento Criminal, *supra,* no debe meramente aludir al inciso aplicable, sino deberá expresar con especificidad y precisión los hechos en los que se basa. *Pueblo v. Rolón Rodríguez, supra,* pág. 183. En otras palabras, el promovente de una solicitud de supresión de evidencia deberá exponer los hechos precisos y razones específicas que sostengan el fundamento en que basa su reclamo. *Pueblo v. Blase Vázquez,* 148 DPR 618, 628 (1999). En lo aquí concerniente, la precitada regla establece lo siguiente:

> El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud y celebrará una vista evidenciaria ante un magistrado distinto al que atenderá el juicio, cuando se trate de evidencia incautada mediando una orden judicial y la parte promovente demuestre que existe una controversia sustancial de hechos que haga necesario la celebración de la vista; **en ausencia de tal demostración, el tribunal podrá adjudicar la moción sin vista previa utilizando como base los escritos presentados por las partes**. *Íd.*

(Énfasis suplido)

En cuanto a la revisión de la determinación de causa probable para expedir la orden de registro y allanamiento, el foro revisor no tiene que hacer una determinación *de novo* de causa probable. Por el contrario, **su análisis se limita a estimar "si la evidencia considerada en su totalidad proveía una base sustancial para la determinación de causa probable por el magistrado"**. (Énfasis suplido). Ernesto Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Editorial Forum, 1995, Vol. I, pág. 246, citando a *Massachussetts v. Upton,* 466 U.S. 727, 728 (1984).

**III.**

Los peticionarios impugnan la determinación mediante la cual el TPI denegó sus mociones de supresión de evidencia. Como único señalamiento de error, arguyen que el foro de instancia venía obligado a celebrar una vista evidenciaria, previo a emitir su pronunciamiento.

En el caso de autos, el TPI resolvió que los peticionarios no lograron demostrar la existencia de una controversia sustancial de hechos, por lo cual no era requisito celebrar una vista evidenciaria. Asimismo, razonó que, ante el hecho de que existía una base razonable para determinar causa probable con el fin de expedir la orden de registro y allanamiento, no debía intervenir con la determinación efectuada por el magistrado que la expidió. Tras un examen sosegado del expediente concordamos con el razonamiento del TPI.

Recordemos que la Regla 234 de Procedimiento Criminal, *supra*, expresamente dispone, en ausencia de hechos sustanciales en controversia, no será necesaria la celebración de una vista evidenciaria. Por tanto, en aras de que las solicitudes de supresión de evidencia no contienen fundamentos para determinar que existe una controversia sustancial, la vista evidenciaria resultaba improcedente.

Por otra parte, aquilatada con detenimiento la declaración jurada, constatamos que la misma fue lo suficientemente detallada y específica para poder concluir que existió una base razonable para expedir la orden de registro y allanamiento. Al momento de su expedición, solo era necesario que el magistrado creyera que dentro de la residencia descrita se encontraba la sustancia controlada conocida como cocaína. De una lectura de la declaración jurada, surge con especificidad que el agente observó a un individuo salir de la propiedad y llevar a cabo lo que aparentó ser una transacción de sustancias controladas. Siendo así, somos del criterio que el foro de instancia actuó correctamente al no suprimir la evidencia incautada.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de esta Resolución, se expide el auto solicitado y se *confirma* el dictamen recurrido. Se devuelve al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones