Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>ÁNGEL LUIS PAGÁN MERCADO<br><br>Parte Peticionaria | TA2025CE00757 | Certiorari procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm.:<br>D VI2024G0001<br>D LA2024G0007<br>D FJ2024G0001<br><br>Sala: 605<br><br>Sobre:<br>Art. 93 (A) CP<br>Art. 285 CP<br>Art. 6.14 Ley de Armas |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 20 de enero de 2026.

Comparece ante *nos,* Ángel Luis Pagán Mercado (Pagán Mercado o parte peticionaria) y nos solicita que revisemos una *Resolución* emitida el 3 de octubre de 2025 y notificada el 6 de octubre de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Bayamón. Mediante dicho dictamen, el foro primario declaró *No Ha Lugar* la solicitud de supresión de evidencia presentada por Pagán Mercado.

Por los fundamentos que expondremos, expedimos el auto de *certiorari* solicitado y confirmamos la *Resolución* recurrida.

**I.**

Según surge del expediente, el 9 de diciembre de 2021, el foro primario expidió una orden de registro y allanamiento en busca de armas de fuego tipo pistola marca Glock. La antedicha orden de

allanamiento se expidió tras el tribunal evaluar la declaración jurada del Agente Carlos Rivera Gerena (Agente Rivera), placa núm. 29986. De la referida declaración jurada, se desprende que:

[...]

A través de varias confidencias recibidas a este suscribiente, la primera confidencia siendo en persona el día 9 de noviembre de 2021, a las 7:50 AM, ... en donde se personó al cuartel y se me acercó un caballero, el cual me informó en estricto anonimato que, relacionado al asesinato investigado del occiso antes mencionado, el causante de su muerte fue el bombero llamado Ángel Pagán. Que se conocían ya que también es de Villa Colombo, que este se encontraba borracho y discutió con "Pupi" porque alegadamente le robó, que este confrontamiento fue frente al Texaco de Villa Colmo y que Ángel L. Pagan le disparó y luego lo quemó...

Para el 12 de noviembre de 2021, a través del Agte. Jaime Meléndez Meléndez, ..., se recibió la segunda confidencia, ..., me entrevisté con un caballero, me informó bajo estricto anonimato que, un individuo que es bombero en el pueblo de Barceloneta, de nombre Ángel Luis Pagán Mercado y que reside... Que el Sr. Ángel Luis Pagán Mercado posee licencia para portar armas de fuego y que fue la persona quien asesinó al Sr. Wilson Pereles, conocido por "Pupi". Me indicó además que, Ángel Luis Pagán Mercado se encontraba ebrio y luego de una discusión con "Pupi", utilizando un arma de fuego, le realizó varios disparos a "Pupi" y luego lo quemó en la Calle Ramón Sobrino en Vega Baja.

Luego de estas confidencias, procedí a verificar e identificar en sistema al Sr. Ángel L. Pagán Mercado, el cual al presente, tiene en su posesión tres (3) armas de fuego, una (1) marca GLOCK 23, CALIBRE .40, SERIE NUM. AAEK305M, una (1) marca GLOCK 23, CALIBRE .40, SERIE NUM. VCG374, y una (1) marca GLOCK 20, CALIBRE 10MM, SERIE NUM. VP675US. También, como parte de la investigación, el 12 de noviembre de 2021, se solicitó un subpoena al Tnte. Joel Natal García del Departamento de Bomberos de Barceloneta, para que produjera y entregara copia certificada del libro de entrada y salida, y asistencia de turno en el mes de noviembre del Sr. Ángel L. Pagán Mercado.

De la información recopilada y certificada de la subpoena, entregada el 15 de noviembre de 2021, indica que el señor Ángel Luis Pagán Mercado estuvo disfrutando de sus días libres el 7 y 8 de noviembre de 2021. Que de lo que surge de la investigación, de las confidencias, corroborando toda esta información recibida y el análisis del Instituto de Ciencias Forenses, y según indica el Artículo 2.13 de la Ley de Armas de Puerto Rico, tengo motivos fundados para entender que la persona con licencia de armas hizo uso ilegal de las armas de fuego para causar daños a otra persona.

[...]

Tras el diligenciamiento de la orden de allanamiento, el Pueblo de Puerto Rico (el Pueblo o parte recurrida) presentó varias denuncias en contra de Pagán Mercado. Particularmente, en contra de éste, se presentaron cargos por los delitos de asesinato en primer grado, destrucción de prueba y por apuntar o disparar un arma de fuego que ocasionó la muerte de la víctima. Superadas las etapas de causa probable para arresto, vista preliminar y vista preliminar en alzada, se radicaron las correspondientes acusaciones en contra de Pagán Mercado.[1]

Luego de varias incidencias procesales, el 29 de julio de 2025, Pagán Mercado instó una *Moción en Solicitud de Supresión de Evidencia por Falta de Causa Probable en la Orden de Registro y Allanamiento*. La parte peticionaria sustentó su solicitud en que la orden de registro y allanamiento estuvo basada en una declaración jurada insuficiente para alcanzar el umbral de probabilidad exigido por nuestro ordenamiento jurídico. Sostuvo que la declaración jurada del Agente Rivera no era suficiente, toda vez que se basó en dos confidencias anónimas no corroboradas, sin identificación de los informantes, ni evidencia de que estos tuvieran conocimiento personal directo de los hechos. Añadió además que, la declaración jurada no detallaba hechos específicos que permitieran sostener que las armas registradas fueron utilizadas en la comisión del crimen.

Oportunamente, el 22 de agosto de 2025, el Pueblo presentó su *Moción en Oposición a Moción de Supresión de Evidencia*. En esta, arguyó que la orden de registro y allanamiento se libró conforme a derecho, en la medida que de la declaración jurada del Agente Rivera

---

[1] Respecto a las peticiones de *certiorari* en casos criminales, la Regla 34 (E) (1) (a) (ii) del Reglamento del Tribunal de Apelaciones, precisa que el apéndice deberá contener "la denuncia y la acusación, si la hubiere". Regla 34 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 56, 215 DPR __ (2025). Sin embargo, los referidos documentos no obran en el expediente de autos.

surgían los motivos fundados para su expedición. Sobre ello, sostuvo que, los motivos fundados surgieron de las confidencias recibidas que sugerían la autoría de Pagán Mercado, la posterior corroboración en el sistema del registro de armas a nombre del peticionario y la compatibilidad con el proyectil encontrado en la escena del crimen, así como el registro de asistencia su lugar de empleo. Por ello, afirmó que el Agente Rivera tuvo base razonable para creer que se había cometido un delito y que, probablemente, en la residencia allanada se encontraba el arma que se pretendía incautar, por lo que se cumplió con el estándar de prueba requerido para expedir la orden de registro y allanamiento. Finalmente, solicitó que la moción de supresión de la evidencia fuera denegada de plano.

En atención a ello, el 10 de septiembre de 2025, Pagán Mercado presentó *Moción en Réplica a "Moción en Oposición a Moción Solicitando Supresión de Evidencia"*. Reiteró su postura en cuanto a que una solicitud de orden judicial basada exclusivamente en confidencias anónimas sin corroboración sustantiva ni identificación de testigos y con un propósito expresado en términos de "posibilidad" no cumplía con los requisitos de la causa probable exigida por nuestro ordenamiento jurídico. Asimismo, planteó que si el tribunal estimaba que los hechos según esbozados por la defensa no estaban en controversia debía suprimir la evidencia ocupada o, en la alternativa, celebrar una vista evidenciaria.

Luego de evaluadas las posturas de las partes, el 3 de octubre de 2025 y notificada el 6 de octubre de 2025, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de supresión de evidencia. En su dictamen, el foro primario expuso que el Agente Rivera tuvo base razonable para entender que se había violado la ley en el lugar que solicitaba ser registrado o allanado. En ese sentido, razonó que la corroboración independiente realizada por este no solo fortaleció la credibilidad de la información provista por

los confidentes, sino que también satisfizo el estándar requerido para validar que las confidencias estaban apoyadas en hechos objetivos y verificables. En adición, el TPI expresó que la defensa no logró rebatir la presunción de legalidad que cobijaba a la orden de registro, pues se limitó a realizar objeciones formales sobre el lenguaje del agente, sin presentar prueba que demostrara la inexistencia de causa probable. Por lo que, tras realizar un análisis a la luz de la totalidad de las circunstancias, denegó la solicitud de supresión de Pagán Mercado.

En desacuerdo, el 15 de octubre de 2025, Pagán Mercado presentó una *Moción en Solicitud de Reconsideración*. En reacción, la parte recurrida presentó su oposición el 23 de octubre de 2025. Así las cosas, el TPI declaró *No Ha Lugar* la reconsideración, mediante *Resolución* notificada el 24 de octubre de 2025.

Insatisfecho, el 23 de julio de 2025, Pagán Mercado compareció ante *nos* mediante una *Petición de Certiorari* y alegó la comisión de los siguientes errores:

> Primer error: Erró el Tribunal de Primera Instancia, Sala Criminal de Bayamón, al declarar "No Ha Lugar" la moción de supresión de evidencia sin celebrar vista cuando existen controversiales sustanciales de derecho.
>
> Segundo error: Erró el Tribunal de Primera Instancia, Sala Criminal de Bayamón, al declarar "No Ha Lugar" la moción de supresión de evidencia aplicando un estándar de posibilidad para la obtención de la orden de registro y allanamiento.
>
> Tercer error: Erró el Tribunal de Primera Instancia, Sala Criminal de Bayamón, al declarar "No Ha Lugar" la moción de supresión de evidencia cuando la falta de corroboración independiente de las confidencias invalida la causa probable.

Subsiguientemente, el 1 de diciembre de 2025, emitimos una *Resolución* mediante la cual le concedimos un término de diez (10) días a la parte recurrida para que mostrara causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. El 12 de diciembre de 2025, el Pueblo de Puerto Rico

presentó, por conducto de la Oficina del Procurador General de Puerto Rico, un *Escrito en Cumplimiento de Orden.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A.** *Certiorari*

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza*

*Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559 (2009); *García v. Padró,* 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra; SLG Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

**B.** *Supresión de evidencia*

En virtud de la Cuarta Enmienda de la Constitución de los Estados Unidos, Emda. IV, Cont. EE. UU., LPRA, Tomo 1, así como del Art. II, Sección 10 de la Constitución del Estado Libre Asociado de Puerto Rico, todo persona goza del derecho a estar protegida contra registros, incautaciones y allanamientos irrazonables que afecten su persona, sus casas, papeles y efectos. Art. II, Sec. 10, Const. ELA, LPRA, Tomo 1.

Esta garantía constitucional dispone, además, que el tribunal solo expedirá órdenes autorizando registros, allanamientos o arrestos cuando exista causa probable apoyada en juramento o afirmación y que dichas órdenes deberán describir particularmente el lugar a registrarse y las personas a detenerse o las cosas a ocuparse. La evidencia obtenida en contravención a estos requisitos es inadmisible en los tribunales.. Art. II, Sec. 10, Const. ELA, LPRA, Tomo 1.

Dicha protección constitucional se encuentra intrínsecamente vinculada a otras garantías constitucionales, tales como la inviolabilidad de la dignidad del ser humano y el derecho a la intimidad. *Pueblo v. Rolón Rodríguez*, 193 DPR 166, 175 (2015). Su propósito es impedir la interferencia arbitraria del Estado con la intimidad y libertad de las personas, salvo en aquellas circunstancias en que el propio ordenamiento jurídico lo autoriza. *Pueblo v. Yip Berríos*, 142 DPR 386, 397 (1997). Así, reconoce una expectativa legítima de intimidad y privacidad frente a la intervención arbitraria del Estado, que ha sido interpretada de forma consistente como una garantía de rango superior, en ocasiones más amplias que su contraparte federal. *Pueblo v. Rolón Rodríguez*, supra, pág. 176

En armonía con estas disposiciones constitucionales, la Regla 231 de Procedimiento Criminal (34 LPRA Ap. II, R. 231) establece

que para la expedición de una orden de registro o allanamiento, una persona debe prestar declaración jurada ante un magistrado, detallando los hechos que sirven de fundamento para su expedición. Antes de librar la orden, el magistrado debe quedar convencido que de la declaración jurada y del examen del declarante surge causa probable para que se lleve a cabo registro o el allanamiento. *Íd.* Una vez expedida, la orden debe describir con particularidad la persona o lugar que será registrado y los objetos que han de ocuparse, e incluir los fundamentos que la sostienen y los nombres de las personas en cuyas declaraciones juradas se basa. Regla 231 de Procedimiento Criminal, *supra.*

Como remedio procesal ante la violación de estas garantías, nuestro ordenamiento reconoce la regla de exclusión, la cual impide que el Estado se beneficie de la evidencia obtenida en contravención a los derechos constitucionales del imputado. Esta doctrina persigue evitar que el Gobierno se beneficie de sus propios actos ilegales y salvaguardar la integridad del proceso judicial. *Pueblo v. Blase Vázquez,* 148 DPR 618, 628 (1999). Asimismo, su alcance no se limita a la evidencia obtenida directamente de forma ilegal, sino que se extiende a aquella que sea fruto de los registros, arrestos y detenciones ilegales, conforme a la doctrina del árbol ponzoñoso. *Pueblo v. Fernando Rodríguez,* 188 DPR 165, 181 (2013).

A tales efectos, la Regla 234 de Procedimiento Criminal (34 LPRA Ap. II, R. 234) provee el mecanismo mediante el cual un ciudadano puede solicitar, previo al juicio, la supresión de evidencia material o testifical obtenida alegadamente en violación a sus derechos constitucionales. Dicha regla permite la supresión de evidencia aun cuando el registro o allanamiento se haya realizado al amparo de una orden judicial. Esta Regla permite la supresión de evidencia por los siguientes fundamentos:

(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

(b) Que la orden de allanamiento o registro es insuficiente de su propia faz.

(c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.

(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.

34 LPRA Ap. II, R. 234.

No obstante, la presentación de una moción de supresión no conlleva automáticamente la celebración de una vista evidenciaria. Nuestro más Alto Foro ha resuelto que el tribunal de instancia estará obligado a celebrar una vista solo cuando de la moción de supresión surjan controversias sustanciales de hechos que no puedan resolverse a base del expediente y de los planteamientos formulados por las partes. *Pueblo v. Blase Vázquez,* supra, págs. 629-630. Por lo que, en ausencia de tales circunstancias, el tribunal podrá adjudicar la moción sin vista previa utilizando como base los escritos presentados por las partes.

Por otra parte, el criterio para determinar si existe causa probable para expedir una orden de registro no exige que el juez quede convencido fuera de toda duda razonable de que se está violando la ley. *Pueblo v. Muñoz Santiago,* 131 DPR 965, 980 (1992). Según la jurisprudencia tanto federal como estatal, la causa probable estriba en determinar si los hechos y las inferencias que se derivan de los mismos, a juicio de una persona prudente y razonable, bastan para creer que se está cometiendo o se ha cometido el delito por el cual la ley autoriza la expedición de una

orden de allanamiento. *Íd,* pág. 979 Además, la determinación de causa probable puede estar fundamentada a base de los hechos percibido por el que hace la declaración jurada, por la información que el declarante recibió de un tercero o por una combinación de ambas circunstancias. *Íd.* Sin embargo, es norma firmemente establecida que para que una confidencia pueda servir de base para la existencia de causa probable se exige que haya sido corroborada por el agente, ya sea mediante observación personal o por información de otras fuentes. *Íd.*; Véase, *Pueblo v. Díaz Díaz,* 106 DPR 348 (1977).

**III.**

Por estar intrínsicamente relacionados entre sí, procedemos a discutir los tres señalamientos de error de forma conjunta.

En su recurso, el peticionario esencialmente alega que incidió el TPI al denegar la moción de supresión de evidencia: (1) sin celebrar vista evidenciaria cuando existían controversias sustanciales de derecho; (2) al aplicar un estándar de posibilidad para la orden de registro y allanamiento y; (3) cuando la falta de corroboración independiente invalidaba la determinación de causa probable. Añade que la orden de registro y allanamiento fue apoyada meramente en que Pagán Mercado era bombero, tenía licencia de armas, poseía tres armas —una de calibre compatible con el proyectil utilizado— y estaba libre cuando ocurrió la comisión del crimen. Reitera que dicho cuadro fáctico, en ausencia de corroboración de las confidencias, no constituía causa probable, toda vez que era insuficiente de su faz por descansar en un criterio de posibilidad.

Por otro lado, la parte recurrida sostiene que el foro primario actuó conforme a derecho al determinar que existía causa probable y, en consecuencia, expedir la orden de registro y allanamiento. Arguye que el estado no solo cumplió con uno de los criterios

jurisprudenciales que validaban la confidencia, sino que satisfizo tres de ellos pues: (1) las confidencias condujeron hacia el autor del delito en términos de lugar y tiempo; (2) la información fue corroborada mediante otras fuentes y; (3) la corroboración se vinculó directamente con los actos delictivos cometidos y en investigación. Afirma que, ante dichas circunstancias, la determinación de causa probable para expedir la orden de registro y allanamiento merece deferencia.

Luego de un examen detenido del expediente, a la luz de la totalidad de las circunstancias, colegimos que el foro primario actuó conforme a derecho al determinar que la orden de registro y allanamiento fue expedida sobre la base de causa probable y al denegar, sin la celebración de una vista evidenciaria, la moción de supresión de evidencia. *Veamos.*

Del expediente ante nuestra consideración se desprende que, la declaración jurada presentada por el Agente Rivera contenía un relato detallado de los hechos específicos que, considerados en conjunto, establecían una base razonable para creer que se había cometido un delito y que la evidencia a incautar estaba vinculada a la comisión del mismo. La investigación descrita por el Agente Rivera no descansó en meras sospechas, sino en múltiples confidencias que fueron corroboradas mediante distintas fuentes. Entre estas diligencias se incluyeron consultas al registro de armas y de asistencia del Cuerpo de Bomberos, lo cual arrojó que la parte peticionaria se encontraba libre el día de los hechos y que, además, poseía un arma registrada con calibre compatible con el proyectil ocupado en la escena. Por lo que, estimamos que dicho cuadro fáctico, evaluado en conjunto, era suficiente para satisfacer el estándar constitucional de causa probable.

De otra parte, no nos persuade el argumento de la parte peticionaria en cuanto a que el uso de expresiones como "posible"

en las declaraciones del Agente Rivera invalidaban la determinación de causa probable. El análisis de causa probable no se rige por un análisis técnico del lenguaje, sino por una evaluación práctica del contenido sustantivo de la información presentada. Por lo que, interpretado en su contexto, dichas declaraciones no redujeron el valor de las confidencias recibidas en unión a su corroboración ni privó al juez de instancia de una base razonable para expedir la orden de registro y allanamiento.

Recordemos además que las órdenes de registro y allanamiento expedidas por un magistrado gozan de una presunción de corrección que corresponde rebatir a quien las impugna. En este caso, Pagán Mercado no presentó prueba capaz de desvirtuar la presunción de legalidad que cobijaba la orden impugnada. Al igual que el foro primario, entendemos que sus planteamientos se limitaron a cuestionar aspectos formales de las declaraciones del Agente Rivera, sin demostrar que la determinación de causa probable fue errónea e irrazonable. Por lo que, ante la ausencia de una controversia sustancial de hechos, el TPI actuó correctamente al adjudicar la moción de supresión sin la celebración de una vista evidenciaria.

En consecuencia, aun cuando procede expedir el auto de *certiorari* para atender los planteamientos planteados por la parte peticionaria, concluimos que el foro primario aplicó correctamente el derecho vigente a la controversia de autos y ejerció razonablemente su discreción. En suma, colegimos que no se cometieron los errores señalados por la parte peticionaria.

**IV.**

Por los fundamentos antes esbozados, *expedimos* el auto de *certiorari* solicitado y *confirmamos* la *Resolución* emitida el 3 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones